IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENARD I. McCLAIN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-24-1489 |
| STEPHEN KAVIC, M.D., | * | |
| CORIZON HEALTH, INC., | | |
| YESCARE CORP., | * | |
| TEHUM CARE SERVICES, INC., | | |
| | * | |
| Defendants. | | |

***

# MEMORANDUM OPINION

Plaintiff Renard I. McClain filed this civil suit against Dr. Stephen Kavic and YesCare Corporation[1] ("YesCare") alleging that he received inadequate medical care for an abdominal hernia. ECF No. 1. Now pending before the court are Motions to Stay filed by YesCare (ECF Nos. 34 and 37) as well as Dr. Kavic's Motion to Dismiss (ECF No. 29) and, YesCare's Motion to Dismiss (ECF No. 17). Mr. McClain has opposed the motions. ECF Nos. 22, 26, 31, 33, 39. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, the Stay motions will be denied. Furthermore, the Complaint must be dismissed.

Motions to Stay

YesCare filed two Motions to Stay that nearly are identical. ECF Nos. 34 and 37. The latter filed motion included a certificate of service evidencing that Plaintiff was mailed a copy of the motion on June 11, 2025. YesCare moves this court to enter an order staying this action until the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division issues an order

---

[1] The case has been stayed as to Defendants Corizon Health, Inc. and Tehum Care Services, Inc. *See* ECF No. 15, *see also In re Tehum Care Services, Inc.,* Case No. 23-900086 (CML) (Bankr. S.D. Tex. 2023).

deciding the Omnibus Motion to Enjoin filed by YesCare in *In Re Tehum Care Services, Inc. (f/k/a Corizon Health Inc.)*, Case No. 23-90086 (CML) (Bankr. S.D. Tex. 2023).  ECF No. 34 at 1.  The omnibus motion seeks an order from the Bankruptcy court clarifying that "actions brought against the Debtor's former employees are enjoined consistent with the administration and intended consummation [with] the now-effective Bankruptcy Plan, including the existing injunctions and releases therein."  *Id*.  The Debtor referenced is Tehum Care Services, formerly Corizon Health.  *Id.* at 2.

The motions state that "Defendant is a former employee of the Debtor" and former employees are included as "Released Parties" under the Plan.  ECF No. 34 at 2.  This case has been stayed as to Tehum Care Services and Corizon Health after a suggestion of bankruptcy was filed.  ECF Nos 14 and 15.  The only two defendants active in this case are YesCare and Dr. Kavic.  Dr. Kavic is not an employee or former employee of Corizon or YesCare, but instead is a private physician who rendered care at the University of Maryland Medical Center. (ECF No. 29-1, at 12).  Thus, it would not be appropriate to stay the case as to him under any circumstances.  Additionally, the Omnibus Motion filed by YesCare in the bankruptcy proceeding remains pending as of August 5, 2025.  *See In Re Tehum Care Services, Inc.*, Case No. 23-90086 (CML) (Bankr. S.D. Tex.) at ECF No. 3160.  The motions appear to have been filed prematurely and shall be denied.

## BACKGROUND

Mr. McClain states that he was diagnosed initially with a hernia on the right side of his abdomen on August 20, 2013.  ECF No. 1 at 4.  He alleges that the "multiple doctors" working for Corizon Health, Inc. and YesCare allowed his injury to worsen to the point that it was no longer reducible by December 18, 2020.  *Id.*[2]

---

[2]    Plaintiff does not identify who those doctors were, but Dr. Kavic states that he is a private physician at the University of Maryland Medical Center.

On December 15, 2021, Mr. McClain had his first surgery to correct the hernia which was performed by Dr. Kavic. ECF No. 1 at 4. According to Mr. McClain, "Dr. Kavic mysteriously drew a second hernia over the top of the area Dr. Kavic entered and once that was operated on another bulge mysteriously grew bigger than both hernias and I was still in pain." *Id*. at 4-5. Mr. McClain references a third surgery that Dr. Kavic performed to fix damage caused from the scope being pulled from different points of entry to repair the hernias leading to a buildup of scar tissue and fluid. *Id*. at 5. Mr. McClain claims that after three surgeries he is left with a permanent incision scar, bulge over his navel, and he is still in constant pain but is only provided Tylenol to treat the pain. *Id*. He adds that he has not had a follow up visit for the last surgery he had when surgical mesh was installed in his abdomen. *Id*. Mr. McClain seeks damages totaling 60 million dollars for pain and suffering as well as mental anguish. *Id*.

Both YesCare and Dr. Kavic seek dismissal of the Complaint for lack of jurisdiction because Mr. McClain cannot establish diversity jurisdiction over the state law claim asserted and, even if he could, he did not comply with the prerequisites of the Maryland Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01 *et seq*. ECF Nos. 17 and 29. Dr. Kavic also argues that any claim under 42 U.S.C. § 1983 would be deficient for failure to allege a constitutional violation or that Dr. Kavic was acting under color of state law.

Mr. McClain asserts that his description of his claim as a medical malpractice claim was a mistake in semantics. He states that his claim is actually a claim that his Eighth Amendment rights were violated. ECF Nos. 31 and 33. He states that he is entitled to reasonably adequate medical care under the Constitution and that a single egregious failure to provide it may result in a violation of that right. ECF No. 33 at 2. In Mr. McClain's view, the Eighth Amendment prohibits the unnecessary infliction of pain and his condition "significantly affects daily activities" therefore his constitutional right has been violated. *Id*. He states that he "suffered from a serious medical need

and still suffers daily." *Id*. at 3.  He concedes that Dr. Kavic was working as a private physician. (ECF Nos. 31 and 33, at 3).

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004).  Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction.  *See Demetres v. East West Const., Inc*., 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co*., 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'"  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp*., 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; accord *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014).  In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192.  In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

4

A motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) requires the court to accept all well-pleaded allegations of the complaint as true and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained that a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555.  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

ANALYSIS

Eighth Amendment Claim

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *accord Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson*, 877 F.3d at 543.

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-7 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko*, 535 F.3d at 241); *see also Scinto v. Stansberry*, 841 F.3d 219, 228 (4th Cir. 2016) (failure to provide diabetic inmate with

6

insulin where physician acknowledged it was required is evidence of objectively serious medical need).

After a serious medical need is established, a successful Eighth Amendment claim requires proof that the defendants were subjectively reckless in treating or failing to treat the serious medical condition. *See Farmer*, 511 U.S. at 839-40. Under this standard, "the prison official must have both 'subjectively recognized a substantial risk of harm' and 'subjectively recognized that his[/her] actions were inappropriate in light of that risk.'" *Anderson v. Kingsley*, 877 F.3d 539, 545 (4th Cir. 2017) (quoting *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004)); *see also Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 842).

Mr. McClain asserts that he received the surgery he required for his hernia, but the hernia reoccurred later which he evidently blames on Dr. Kavic.[3] That claim sounds in tort law or medical malpractice. The facts do not support a finding that the actions of Dr. Kavic (even assuming he was a state actor subject to potential §1983 liability) amounted to deliberate indifference to a

---

[3] The third surgery Plaintiff references was due to the development of a seroma. ECF No. 19-1 at 31.

serious medical need.  Medical records that Mr. McClain provides indicate that each time he had surgery to repair his hernia, it was painful, but he was not in acute distress, he did not have a fever, did not have constipation, nausea or vomiting, and there was no obstruction present.  ECF No. 19-1 at 16-17; 25-26.  Thus, Mr. McClain's own evidence refutes any suggestion that the medical providers contracted with the Maryland Department of Public Safety and Correctional Services ("DPSCS") waited too long to provide him with surgical intervention.  Even assuming that the surgery that Mr. McClain was provided amounted to negligence or malpractice, it is not enough to support a constitutional claim of deliberate indifference to a serious medical need.  "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences."  *Grayson v. Peed*, 195 F.3d 692, 695- 96 (4th Cir. 1999); *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (describing the applicable standard as an "exacting" one).  "[A]ny negligence or malpractice on the part of … doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998) *see also Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) ("Deliberate indifference is more than mere negligence, but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result."); *Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) ("[M]istreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim . . . .").  He has not identified any other medical provider who would be subject to § 1983 liability and it is not sufficient to name only the medical provider entity, such as Corizon or YesCare.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  As explained by Judge Hollander:

> Notably, § 1983 requires a showing of personal fault based upon a defendant's own conduct.  *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff

8

>must affirmatively show that the official acted personally to deprive the plaintiff of his rights). In other words, there is no respondeat superior liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, liability based on respondeat superior does not apply to a § 1983 action. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

*Aurel v. Hallworth*, No. CV ELH-19-0185, 2020 WL 5423184, at *13 (D. Md. Sept. 10, 2020). To the extent that Mr. McClain intended to raise an Eighth Amendment claim, it must be dismissed.

State Medical Malpractice Claim

Plaintiff disavows any intent to raise a state law medical malpractice claim and Defendants have argued that this court would not have jurisdiction over such a claim in any event. First, Mr. McClain's medical malpractice claim could not be independently maintained under this court's diversity jurisdiction as Mr. McClain and Dr. Kavic both reside in Maryland. More importantly, medical malpractice claims must first be presented to the Maryland Health Claims Arbitration Board before a complaint may be filed in court if the plaintiff is seeking more than $30,000 in damages. *See* Md. Code Ann., Cts & Jud. Proc. § 3-2A-02 *et seq.; Davis v. Frostburg Facility Operation, LLC,* 177 A.3d 709, 715 (Md. 2018). Nothing in the papers demonstrates that Mr. McClain complied with this prerequisite.

Once the only potential federal claim is dismissed, this court can decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, any state law claims will be dismissed without prejudice. The medical malpractice claim shall therefore be dismissed without prejudice.

CONCLUSION

    By separate order which follows, the motions to dismiss shall be granted as stated herein, and the motions to stay shall be denied.

August 8, 2025                                                    /s/
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge